# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Therl Taylor, #260961,** ) | Case No. 2:16-cv-2115-RMG-MGB |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **John Pate, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

This is a civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at Ridgeland Correctional Institution in South Carolina. He is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. After careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed**, with prejudice and without issuance and service of process, for the following reasons:

## I. Background

Plaintiff is a state prisoner serving concurrent state sentences for murder (36 years) and possession of a weapon during the commission of a violent crime (5 years). His initial conviction was reversed by the South Carolina Supreme Court because the evidence was insufficient to warrant the jury charge on mutual combat. *See State v. Taylor,* 356 S.C. 227 (2003). Upon retrial in January 2005, the jury found him guilty of both charges. His appeal was dismissed. *State v. Taylor*, 2007 WL 8391909 (S.C. Ct. App. 2007) ("[a]fter a thorough review of the record pursuant to *Anders*…we dismiss the appeal"). Plaintiff's application for state post-conviction relief ("PCR") was denied. Plaintiff filed a federal habeas petition, which was denied on the merits. *See Taylor v.*

*Warden*, Case No. 2:13-cv-2213-RMG-WWD, 2014 WL 4721183 (D.S.C. Sep. 22, 2014), *appeal dismissed*, 594 F.App'x 186 (4th Cir. March 2, 2015), *cert. denied*, 136 S.Ct. 323 (Oct. 13, 2015).

Plaintiff has also filed various unsuccessful § 1983 actions. *See Taylor v. Amason*, Case No. 2:13-cv-3449-RMG-BHH (D.S.C. Sept. 28, 2015), *affirmed* 646 F. App'x 334, 2016 WL 1622397 (4th Cir. April 25, 2016), *cert. denied*, 2016 WL 4083498 (Oct. 03, 2016); *Taylor v. Undetermined*, 2:15-cv-93-RMG-MGB (voluntarily dismissed, appeal dismissed on March 3, 2016); *Taylor v. Brooks*, 3:15-cv-1138-RMG-MGB (summarily dismissed), *affirmed* (Dec. 22, 2015).

## II. The Present Lawsuit

### A. Parties

Plaintiff has now filed another complaint under 42 U.S.C. § 1983. (DE# 1, "Complaint" totaling 53 pages with attachments).[1] In this Complaint, Plaintiff sues the South Carolina Department of Corrections ("SCDC") and eight SCDC employees as Defendants: (1) John Pate (Warden); 2) Randall Williams (Asst. Warden); 3) Teresa Ramsey (Security Supervisor); 4) Connie Buehner (Administrative Assistant); 5) SCDC Lt. Carter (Security Supervisor); 6) Jane Doe; 7) John Doe; and 8) Pamela Smith (Grievance Coordinator). (DE# 1 at 3-4).[2] Plaintiff indicates that "all defendants are sued in their official and individual capacities." (*Id*. at 2, ¶ III).

### B. The Complaint's Allegations

The allegations of Plaintiff's complaint are disconnected and difficult to follow. Liberally construed, the main gist of the Complaint is that Plaintiff is complaining of being transferred to a

---

[1] See http://public.doc.state.sc.us/scdc-public/inmate. A state records check indicates that Plaintiff was incarcerated at Allendale Correctional Institution from January 11, 2012 until June 1, 2015, and then transferred to Ridgeland Correctional Institution.

[2] It is difficult to tell from the face of the Complaint whether SCDC is sued or whether the term "SCDC" in front of Jane/John Doe is meant to identify such parties as unknown SCDC employees.

different cell, unit, and prison. Plaintiff alleges that when his roommate reported that Plaintiff had stolen two packets of "Sweet-n-low" from him, Plaintiff was moved to another cell and unit, and assigned a different roommate. (*Id*. at 11). Plaintiff contends he was "offensively and unjustifiably moved out of one prison unit (the "Character Based Unit") to another prison unit ("Collenton Unit"). (DE# 1 at 3, ¶ IV "Statement of Claim"). According to Plaintiff, he had "created, assisted, designed, supported, promoted and implemented the first Character Housing Unit "CHU" [and] deeply participated."(*Id*. at 3). He indicates he "invested" many man-hours, thereby "transforming the entire Allendale Facility into a complete official Character Institution." (*Id*.). He complains that he was then transferred from Allendale Correctional Institution to Ridgeland Correctional Institution within the South Carolina prison system and refers to this as a "retaliatory transfer." (*Id)*. Essentially, he complains that the Defendants authorized moving him to different rooms, units, and prisons. (*Id*. at 5).

Plaintiff's other allegations are also vague, disconnected, and difficult to follow. For example, he alleges that he "experienced multiple offensive, patterns of conduct and personal attacks being forced to deal with and interact with certain prison officials and inmates, most relevant named throughout this Complaint, as Amended, specifically by special inmate 'i/m' – corrupt Coordinators that do the will of and selected by defendants Pate, Williams and Ramsey…." (*Id*. at 4-5, punctuation as in original). Plaintiff also complains that although the prison staff took actions to protect him when they received a note indicating that there was a risk that Plaintiff might be "jumped" by several gang members, Plaintiff refused protective custody because he believed the note was "false." (*Id*. at 9). He complains that Defendant Ramsey failed to investigate the "false" note, although Defendant Pate said he would look into it. (*Id*. at 10). Plaintiff also complains that Tim Terry, a former prisoner, gave the first $1,000 to the "building of the Worship

Center" but that six years later, a worship center still has not been built. (*Id*. at 12). Plaintiff contends that Defendant Pate abuses alcohol, and on one occasion was seen "wearing flip flops, clearly intoxicated." (*Id*., ¶ 29). He complains that "several photographs were took (sic) of Plaintiff by def. Pate and Williams (sic) personal assistant…and improperly shared with others…without permission," which he characterizes as an unspecified "federal offense." (*Id*., ¶ 32). Plaintiff further alleges that various prisoners engaged in smuggling while in prison and that he filed grievances about such activity, but that Defendants Smith, Williams, and Pate did not "process" these grievances "fairly." (*Id*. at 13-14). Plaintiff complains about an "inadequate unmeaningful (sic) grievance process." (*Id*. at 2).

### C. Claims and Relief Sought

In his own words, Plaintiff lists his issues (out of numerical order) as follows: "II., B Continued: US CONST. 5) AMEND XIII 6) IMPROPER CONDITIONS OF CONFINEMENT; 7) Respondeat Superior; 8) Segregation, Retaliation, RICO, deliberate indifference, America (sic) Disabilities Act "ADA"/Mental Disability, Federal Communications Commission "FCC." (DE# 1 at 3, ¶ IV "Statement of Claim," with punctuation and numbering as in original).

For relief, Plaintiff seeks: 1) a declaration that the Defendants violated his rights; 2) an injunction ordering them "not to interfere nor violate" his future rights; 3) to "improve and/or correct all he (sic) conditions and circumstances exposed in this Complaint;" 4) "the opportunity to properly perform the role and true duties of a Coordinator;" and 5) compensatory and punitive damages from each Defendant. (DE# 1 at 15, ¶ V. "Relief").

## III.  Relevant Law

### A. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The *pro se* Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326.  The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797

(4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). "While the Court liberally construes Plaintiff's claims, it will not fundamentally rewrite the causes of action provided in the Complaint." *Kerr v. Marshall Univ. Bd. of Govs.*, 2015 WL 1405540 (S.D.W.Va. Feb. 4, 2015), *adopted by* 2015 WL 1405537 (S.D.W.Va. Mar. 26, 2015), *affirmed* (4th Cir. May 24, 2016).

### B. The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean*, 566 F.3d at 404. "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), *as amended* (October 22, 2013). This means that, after receiving three strikes, a plaintiff will have to pay the full filing fee for almost any future non-habeas civil actions that he might wish to file. Id. at 610. Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be

granted, he risks the accumulation of three strikes against him and the resulting denial of his future requests for *in forma pauperis* status, absent exceptional circumstances.

## IV. Discussion

### A. Civil Actions under 42 U.S.C. § 1983

A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint does not need to expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009). The present Complaint fails to meet this minimal pleading standard.

The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. Even with liberal construction, the present Complaint is subject to summary dismissal for failure to state a plausible claim for relief. *McLean*, 566 F.3d at 396 ("a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment and to be rendered with prejudice"), citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.' ") and *Carter v. Norfolk Community Hosp. Assoc.*, 761 F.2d 970, 974 (4th Cir.

1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").

### B. Official Capacity, 11th Amendment Immunity

In his Complaint, Plaintiff indicates that "all defendants are sued in their official and individual capacities." (DE# 1 at 2, ¶ III). To the extent Plaintiff seeks monetary damages from the SCDC or from state officials in their official capacity, the Defendants are immune from such relief under the Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in his official capacity is "no different from a suit against the State itself"); *see also, e.g., Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); *Ransom v. Lawrence*, Case No. 6:12–3141–JFA–KFM, 2013 WL 4523588, *4 (D.S.C. Aug. 26, 2013) ("The defendants are all employees of the SCDC and thus are not subject to suit under § 1983 when sued in their official capacities"); *Jones v. SCDC*, Case No. 5:12–cv–03554–RBH-KDW, 2013 WL 3880175, *4 (D.S.C. July 26, 2013). Based on sovereign immunity, the SCDC and the individual Defendants in their official capacities should be dismissed as parties.

### C. Transfer to Another Cell, Unit, and/or Prison

Plaintiff's allegation that his transfer to another cell, unit, and/or prison violated his rights (including under the Due Process Clause) fails to state a claim. The United States Supreme Court has expressly pointed out that such allegations are an example of an attempt to assert a claim of "infringement of a legal interest which clearly does not exist" and are therefore frivolous. *Neitzke*, 490 U.S at 327-28. Although Plaintiff alleges that he was "unjustifiably moved" (DE# 1 at 13, ¶ 38.4), he bases his claim on a non-existent right. A prisoner has no inherent constitutional right to

be incarcerated in a particular institution, *Meachum v. Fano*, 427 U.S. 215, 224 (1976), or to a particular security classification. *Montanye v. Haynes*, 427 U.S. 236, 242 (1974).

Plaintiff does not allege that the conditions were significantly harsher than those at his previous prison. Rather, Plaintiff indicates that he preferred the CHU because "[l]iving in the CHU allowed perks, gain and benefits and educational opportunities for growth and developments (sic)." (DE# 1 at 7, ¶ 6). The United States Supreme Court has observed that the Eighth Amendment does not require that prisoners "be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological depression, and the like." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16 (1981; *see also Jones v. SCDC*, 2013 WL 3880175 (D.S.C. July 26, 2013) ("Plaintiff's prison placement, though unpleasant to him, does not violate his federal constitutional rights."). Plaintiff has not alleged that his transfer to a different cell, unit, or prison imposed an atypical and significant hardship on him. *Sandin v. Conner*, 515 U.S. 472, 481 (1995) (due process clause offended only when inmate subjected to atypical and significant hardships in relation to ordinary incidents of prison life). Transfer from one prison to another does not generally constitute an atypical and significant hardship. *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005); *White v. Phillips*, 118 F.App'x 1, 2 (6th Cir. 2004).

To the extent Plaintiff complains that he had worked as a "co-ordinator" in the prison "character program" and was then moved, it is well-settled that a prisoner has no liberty or property interest in a prison job, and that the loss of an assigned prison job does not constitute an atypical and significant hardship. *See Gilbreath v. Clark*, 193 F.App'x 741, 743 (10th Cir. 2006); *Williams v. Straub*, 26 F.App'x 389, 390-91 (6th Cir. 2001); *Rienholtz v. Campbell*, 64 F.Supp.2d 721, 729 (W.D.Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999).

### D. No Supervisory Liability

Plaintiff attempts to sue the supervisory Defendants (Ramsey, Williams, Pate, Carter, and Smith) in their individual capacity under a theory of *respondeat superior*. It is well-settled that supervisory positions alone do not subject a defendant to liability, as the doctrines of vicarious liability and *respondeat superior* generally do not apply in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The United States Supreme Court has repeatedly emphasized that an individual defendant is not liable under § 1983 absent any personal involvement. *Iqbal*, 556 U.S. at 676–77 ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.... each Government official, his…title notwithstanding, is only liable for his…own misconduct"). The Fourth Circuit Court of Appeals has emphasized that in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Plaintiff appears to be suing the supervisory Defendants for denying his grievances. For example, he accuses Defendant Smith of "systematically finding something and/or creating circumstances not to plain (sic) and simply process step one internal grievances." (DE# 1 at 13, ¶ 26). An official's denial of a grievance "after-the-fact" of an alleged incident falls short of alleging any basis for a § 1983 claim. *See, e.g., Brooks v. Beard*, 167 F.App'x 923, 925 (3rd Cir. 2006) (dismissing case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and explaining that a response by prison officials to an inmate's grievance does not establish the involvement of those officials in the alleged underlying incident); *DePaola v. Ray*, 2013 WL 4451236, *8, 30, n.7 (W.D.Va.), *adopted by* 2013 WL 4453422 (W.D.Va. Aug. 16, 2013). The Fourth Circuit Court of Appeals has

explained that "prisoners do not have a constitutional right of access to the grievance process." *Daye v. Rubenstein*, 417 F.App'x 317 (4th Cir. 2011), *cert. denied*, 132 S.Ct. 161 (2011).

To the extent the Plaintiff allegations could be liberally construed as complaining about enforcement of prison policies and procedures (DE# 1 at 7, ¶ 8 referring to "Defendants Williams, Ramsey, and Pate's consistent overlooking, ignoring and deliberately failing to enforce basic duties and disciplinary violations"), a defendant's alleged failure to follow prison policy or procedure does not, by itself, amount to a constitutional violation. *United States v. Caceres*, 440 U.S. 741 (1978); *Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). The Complaint fails to allege facts that would subject the supervisory Defendants to personal liability. The Complaint also fails to state a claim for any constitutional violation based on the processing and denial of grievances, and any such allegations are frivolous, both factually and legally. Summary dismissal is appropriate.

### E. Lack of Specific Factual Allegations by Defendants

Plaintiff's Complaint lists various Defendants (including Connie Buehler, Jane Doe, and John Doe) but fails to allege specific factual allegations against them. Although the Court must liberally construe *pro se* pleadings, Plaintiff must do more than make generalized and conclusory statements to state a plausible claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). As "[l[iability under § 1983... requires personal involvement," *Iqbal*, 556 U.S. at 676, a plaintiff must allege specific facts that adequately support a plausible claim for relief.

The Complaint's allegations are inadequate to state a cognizable constitutional claim against the named Defendants. Plaintiff has not alleged how the various Defendants personally participated in violations of his constitutional rights, including his Eighth Amendment rights. It is not enough to name individuals as Defendants and then complain generally, without specific facts as to each defendant's conduct, about isolated incidents that do not even involve them. For a defendant to be liable under § 1983 in his individual capacity, Plaintiff must allege facts indicating how each defendant personally participated in the alleged denial of rights. *Monell*, 436 U.S. at 663 n.7; *Vinnedge*, 550 F.2d at 928; *Faltas v. South Carolina*, 2012 WL 988105 (D.S.C.), *adopted by* 2012 WL 988083 (D.S.C.), *aff'd* by 489 F.App'x 720 (4th Cir. 2012). Plaintiff's Complaint fails to do this.

Given that 42 U.S.C. § 1983 allows for personal liability of government officials, federal courts pay careful attention to lawsuits involving multiple defendants. *See, e.g., Banks v. Grady County Jail*, 2014 WL 1089622, *1 n.1 (W.D.Okla.) ("[I]t is particularly important that plaintiffs 'make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations.' When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice....Rather, it is incumbent upon a plaintiff to 'identify specific actions taken by particular defendants' in order to make out a viable § 1983 …claim.") (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013)).

When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C.) ("without such personal involvement, there can be no liability under section 1983"), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011); *Fox v. Drew*, No. 8:12–cv–421-

MGL, 2013 WL 4776706, *11 (D.S.C. Sept.4, 2013) (explaining that a defendant is liable in individual capacity only for personal wrongdoing), *affirmed by* 563 F.App'x 279 (4th Cir. 2014). Review of the Complaint reflects that Plaintiff does not allege personal participation in specific actions by the supervisory Defendants that would amount to any sort of constitutional claim. Therefore, in addition to the other grounds for dismissal, the Defendants are also entitled to summary dismissal because the Plaintiff's Complaint does not sufficiently allege specific facts against them.

In sum, the Complaint attempts to sue individuals protected by immunity, fails to state a plausible claim for violation of an actual constitutional right, improperly attempts to sue supervisory defendants under a theory of *respondeat superior*, and fails to allege specific personal acts by each Defendant. To the extent the Complaint alleges violation of a non-existent right, it is also factually and legally frivolous.

## V. Recommendation

Accordingly, the Magistrate Judge recommends that the Complaint (DE#1) should be **summarily dismissed** with prejudice. As this dismissal is pursuant to the enumerated grounds of 28 U.S.C. § 1915(g), the dismissal of this case should count as a strike.

**IT IS SO RECOMMENDED.**

November 15, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).